UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BECKY POMAVILLE,

                    Plaintiff,

          v.

CEDARTREE MANAGMENT
COMPANY, et al.,

                    Defendant.

CASE NO. C26-5463 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Becky Pomaville's application to proceed *in forma pauperis*, based on her indigency, leaving to this Court evaluation of whether Pomaville's complaint asserts a plausible claim and should be served. Dkt. 4 (citing 28 U.S.C. § 1915(e)(2)(B)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it

ORDER - 1

ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Pomaville appears to plausibly plead ADA and WLAD disability discrimination, wrongful termination and retaliation claims. Am. Compl., Dkt. 5.

The Court therefore concludes that Pomaville is entitled to proceed *in forma pauperis*, and to have her complaint served under Federal Rule of Civil Procedure 4(c)(3). Pomaville must obtain summonses from the Clerk's office, and provide the summonses and complaint, along with the defendants' addresses, to the Clerk. *See also* LCR 4.  The Clerk shall assemble the summons and the complaint, and the U.S. Marshal

ORDER - 2

or someone specially appointed shall serve defendants the summons and complaint on Pomaville's behalf. Pomaville may consult the Clerk's Office's Guide for further instructions:

https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

**IT IS SO ORDERED**.

Dated this 2nd day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3