UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BECKY POMAVILLE,<br><br>Plaintiff,<br><br>v.<br><br>CEDARTREE MANAGMENT COMPANY, et al.,<br><br>Defendants. | CASE NO. C26-5463 BHS<br><br>ORDER |

THIS MATTER is before the Court on the parties' briefing in *Becky Pomaville v. Cedartree Management Company, et al*., No. 26-5463, Dkts. 42, 43, and 55, and in *Derik Pomaville v. Cedartree Management Company, et al*., No. 26-5479, Dkts. 31, 32, and 33, addressing the Court's order to show cause why these two cases should not be consolidated. No. 26-5463, Dkt. 41; No. 26-5479, Dkt. 30.

Plaintiff Becky Pomaville and her husband, Plaintiff Derik Pomaville, were hired in July 2022 as managers of a self-storage facility in Vancouver, Washington. Both were terminated on July 11, 2024. They subsequently filed separate actions against eleven defendants, including their employer and supervisor, alleging various forms of

discrimination. The Court asked the parties to show cause why the matters should not be consolidated.

The defendants support consolidation, asserting that "given the overlap of facts pleaded in the two complaints and the relatedness of the parties, consolidating the two matters will serve interests of judicial efficiency." No. 26-5463, Dkt. 43 at 1; *see also id.*, Dkt. 42.

Becky and Derik[1] oppose consolidation, arguing that their claims rest on materially different grounds. No. 26-5463, Dkt. 55 at 1; *see also* No. 26-5479, Dkt. 33. They contend that Becky's claims arise in substantial part from her disability and requests for reasonable accommodation, while Derik's concern sex discrimination and his own protected activity and reports of unsafe conditions and deficient property management. *Id.* at 2. They argue that consolidation would require repeated separation of evidence and issues, risk confusion, and improperly affect the factfinder's evaluation of their distinct claims. *Id.*

Rule 42 permits a court to consolidate or join for trial matters that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

[1] The Court refers to plaintiffs by their first names for clarity.

The Court concludes consolidation is appropriate here. The cases arise from common facts involving the same workplace, employer, and events occurring over substantially the same time period. At the request of the parties, the Court may consider bifurcation as trial approaches, if necessary.

These matters shall be **CONSOLIDATED** under the earlier filed case, No. 26-5463. Derik's complaint, Dkt. 6, Defendants' answers, Dkts. 22 and 26, and Derik's sealed motion for court-appointed counsel, Dkt. 28, shall be re-docketed in Becky's case and his case shall be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated this 23rd day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge